IN THE COUNTY COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

WORLDWIDE AIRCRAFT SERVICES, INC.,
d/b/a JET ICU, a Florida corporation,

Case No.: 24-CC-040274
Division: N

    Plaintiff,

vs.

WORLDWIDE INSURANCE SERVICES, LLC,
d/b/a GEOBLUE;

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC., a Florida for profit corporation;

LOUISIANA HEALTH SERVICE & INDEMNITY
COMPANY, d/b/a BLUE CROSS AND BLUE SHIELD
OF LOUISIANA, a corporation;

    Defendants.

_____/

## SECOND AMENDED COMPLAINT FOR (1) THEFT OF SERVICES, (2) CONVERSION, (3) CONSPIRACY, AND (4) QUANTUM MERUIT

### General Facts and Background

WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), hereby complain against Defendants WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE ("GEOBLUE"), BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. a Florida profit corporation, ("FLORIDA BLUE"), and LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA, a corporation, ("BCBSLA") as follows:

1. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU frequently provides or procures ancillary ambulance services such as ground ambulance(s) and water ambulance(s) to support its mission and services as needed.

3. Defendant GEOBLUE (hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members, or is the agent or co-venturer or affiliate of Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC and LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA. GEOBLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. GEOBLUE is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue.

4. Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (hereafter "FLORIDA BLUE") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Florida. FLORIDA BLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. FLORIDA BLUE is registered with the Florida Secretary of State as Blue Cross and Blue Shield of Florida, Inc.

5. Defendant LOUISIANA HEALTH SERVICES & INDEMNITY COMPANY, d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA, a corporation. (hereafter "BCBSLA") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Louisiana. LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana. Plaintiff is uniformed at this time of the exact contractual or legal relationship between GEOBLUE, FLORIDA BLUE, and BCBSLA but alleges that the three defendants are jointly responsible for claims processing and payment of providers such as Plaintiff and therefore jointly carryout the functions and work of a health insurer /health plan. Hereafter FLORIDA BLUE, GEOBLUE, and BCBSLA shall be collectively referred to as "PLAN" or "HEALTH PLAN."

6. As of November 1, 2023, PLAN'S member/insured/beneficiary with initials Y.D. (hereafter "Patient" or "Y.D.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.[1]

7. On or about November 1, 2023, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

8. As a result of Patient's condition, Patient required, at the request of Patient's then-treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment.

9. In accord with industry standards and good professional practice, Patient was transported in multiple stages with the first being via ground ambulance from the discharging facility in the Dominican Republic, to the awaiting jet aircraft. Patient was then flown back to the U.S. Finally, upon arrival in Orlando, Florida, the Patient was once again transported via Advanced Life Support ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint only concerns JET ICU's claim for the ground ambulance from the aircraft to the hospital, with the amount billed for this claim at $8,858.00.

10. HEALTH PLAN paid the ground ambulance portion of the claim for transporting the Patient from the ship infirmary to the aircraft and the PLAN paid the air ambulance portion of the claim in full. A small, partial payment was made in the amount of $571.39 for the last portion of the transport of the ground ambulance from the aircraft to the receiving hospital.

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of Y.D., the plan participant and patient.

11.     Plaintiff is informed and believes and based thereon alleges that the PLAN or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract.

12.     At the time services were provided, JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network.

13.     Plaintiff is informed and believes, and based thereon alleges that the HEALTH PLAN and its agent(s) knew or should have known that JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

14.     JET ICU billed defendants and/or their agent(s) for services rendered to Patient by submitting to PLAN a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendants and/or their agent(s). The amount billed represented JET ICU's own usual and customary rate.

15.     Defendants and/or their agent(s) failed to fully pay JET ICU's charges for the transport of the Patient by ALS ground ambulance from the aircraft to the area hospital.

16.     All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
### (THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against All Defendants)

17.     JET ICU incorporates the preceding paragraphs by this reference as though fully set forth herein.

18. Thirty days ago or more, Plaintiff sent written pre-suit notice to HEALTH PLAN, pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference.

19. As alleged herein, JET ICU rendered ground ambulance services to Patient for transport from the air ambulance to the receiving facility, and Patient was insured at time of services by PLAN.

20. PLAN had a duty under contract and law to provide, arrange for, and/or cover and insure Patient for emergency services including ground ambulance and air ambulance services. PLAN knew, or reasonably should have known, that JET ICU was rendering services to Patient, which PLAN was obligated to cover or insure.

21. PLAN had a duty under Florida law to not commit theft of services, which duty arises under Florida statute including, but not limited to Florida Statutes §812.014.

22. Plaintiff submitted a claim for reimbursement to PLAN, for which PLAN paid Plaintiff a small, partial payment for the ground ambulance services to the receiving hospital. As of the date Plaintiff submitted its claim, PLAN had actual knowledge that the services had been rendered to its insured, Patient, to PLAN's benefit.

23. PLAN failed to pay JET ICU the reasonable value of its services rendered to Patient.

24. In failing to pay JET ICU for services rendered to Plaintiff, PLAN acted with the intent, or in reckless disregard of, to convert and obtain JET ICU's services without paying for them. PLAN's intent to steal the value of Plaintiff's ground ambulance services is demonstrated by, *inter alia*, the fact that PLAN otherwise reimbursed JET ICU for the ground ambulance services from Plaintiff's location to the air ambulance, and for the air ambulance transport, but

refused to fully reimburse Plaintiff for the ground ambulance services from the air ambulance to the receiving facility.

25. Plaintiff's charges for the reasonable value of its services in providing a ground ambulance from the air ambulance to the receiving hospital, is $8,858.00. PLAN received the value of these services provided to Patient. JET ICU alleges that this amount constitutes the reasonable and customary value of the services provided. PLAN has and continues to refuse to pay for the reasonable value of these services.

26. Wherefore, JET ICU alleges that these amounts constitute the reasonable and customary value of the services provided.

27. Wherefore, JET ICU prays for damages for the amount of its services rendered to PLAN, in an amount to be proved at trial.

28. Wherefore JET ICU prays for treble damages pursuant to Section 772.11.

### COUNT TWO
### (CONVERSION)

29. As a separate and alternative cause of action;

30. Plaintiff incorporates the preceding paragraphs by this reference as if fully alleged herein.

31. As alleged herein, JET ICU provided air and ground ambulance services transporting Patient.

32. JET ICU billed HEALTH PLAN for the reasonable value of the services rendered in transporting Patient from the airplane to the receiving hospital via ground ambulance, in an amount of $8,858.00. PLAN paid $571.39 of the claim, retaining the $8,286.61 owed to and belonging to JET ICU.

33. The $8,286.61 held by HEALTH PLAN is the property of JET ICU. JET ICU has not consented to HEALTH PLAN's possession of its property.

34. Despite request(s) to pay JET ICU the money it is owed, HEALTH PLAN has and continues to deprive JET ICU of the $8,286.61 owed to JET ICU.

35. HEALTH PLAN's acts were wrongful in that it had no legal right to keep $8,286.61 of JET ICU's money.

36. HEALTH PLAN has deprived JET ICU of $8,286.81 from the date HEALTH PLAN adjudicated JET ICU's claim to present.

37. HEALTH PLAN's acts in depriving Plaintiff of its property were with the intent to permanently or temporarily deprive Plaintiff of its property.

38. Wherefore, Plaintiff requests damages in the amount of $8,286.61.

39. Wherefore, Plaintiff requests an Order disgorging Defendants of all ill-gotten gain.

40. Wherefore, Plaintiff requests punitive damages in an amount to be determined at trial, to the extent permitted by Florida and/or federal law at time of trial.

## COUNT THREE
## (CONSPIRACY)

41. Plaintiff incorporates the preceding paragraphs by this reference as if fully alleged herein.

42. GEOBLUE, FLORIDA BLUE, and BCBSLA entered into an agreement whereby GEOBLUE would perform some of the legal duties of an insurer for FLORIDA BLUE and BCBSLA including, but not limited to claims administration and payment of claims.

43. FLORIDA BLUE, BCBSLA, and GEOBLUE agreed to process claims by providers including JET ICU, in a manner which permitted the Defendants to steal the reasonable value of the services provided by providers including JET ICU, namely, Defendants entered into an agreement to commit theft of services from Jet ICU and other providers.

44. Defendants made this agreement with the intent to commit theft of services from JET ICU and other providers.

45. Defendants' agreement was an agreement to commit an unlawful act, specifically theft, as alleged herein, or to do a lawful act – claims payment- in an unlawful manner.

46. As a result of the Defendant's agreement, Defendants took the overt acts in furtherance of the conspiracy of: converting the value of JET ICU's services to their own benefit; sharing in some way the monies earned from their unlawful acts between each Defendants.

47. As a direct and proximate result of Defendants' agreement to steal the services of JET ICU, JET ICU was damaged in the amount of the reasonable value of its services, in an amount to be proved at trial.

48. Plaintiff requests treble damages against each Defendant pursuant to Fla Statutes, Section 772.11.

49. Wherefore JET ICU requests its damages against GEOBLUE, FLORIDA BLUE, and BCBSLA jointly and severally.

## COUNT FOUR
## (QUANTUM MERUIT)

50. JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

51. As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air transport, as defined under federal and/or state law, to Patient. Patient was reasonably at risk of life or limb.

52. PLAN had an obligation under contract or state or federal law to provide emergency care including, but not limited to ground ambulance and air ambulance services, including specifically, the ground ambulance used to transport Patient from the air ambulance to the area hospital. PLAN'S compliance with state and federal laws is a condition of PLAN's licensure as an insurer in the state(s) in which PLAN is licensed to sell insurance.

53. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

54. PLAN was aware, or reasonably should have been aware, that Patient required emergent ground and air ambulance transport. PLAN was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

55. JET ICU did, in fact, render emergency air ambulance transport services to Patient. JET ICU billed PLAN the amount of $8,858.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are reasonable, customary, and fair market value of the services provided.

56. PLAN is obligated to provide Patient emergency care coverage including but not limited to ground ambulance and air ambulance services. PLAN'S obligation to actually provide this specific coverage is, inter alia, a condition of its licensee to sell insurance under the laws of the state(s) in which it is licensed. PLAN'S license(s) to sell insurance constitutes a

significant, if not predominant, economic value of PLAN. PLAN, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

57. PLAN failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

58. Wherefore, Plaintiff prays for judgment in its favor against PLAN in an amount to be proved at trial and equal to the reasonable and customary value of JET ICU's services rendered.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against PLAN for:

1. Reasonable value of services rendered;
2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;
3. For damages, to the extent permitted by state or federal law at time of trial;
4. For treble damages on COUNT ONE and COUNT THREE only, to the extent permitted by state law at time of trial.
5. For punitive damages to the extent permitted by Florida and/or federal law at time of trial on Count FOUR only;
6. For attorney's fees and costs to the extent permitted by Section 772.11 or state or federal law at time of trial;
7. For other such relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant, WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE's Registered Agent *Corporation Service Company*, 1201 Hays Street, Tallahassee, FL 32301, and Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.'s Registered Agent *Chief Financial Officer*, 200 E. Gaines Street, Tallahassee, FL 32399, and Defendant LOUISIANA HEALTH & INDEMNITY COMPANY, d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA's, Registered Agent *Louis Patalano IV*, 5525 Reitz Avenue, Baton Rouge, LA 70809, on August 13, 2024.

Michael Brannigan
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Brannigan35@yahoo.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)
*Attorney for Plaintiff*



# The Law Office of Michael Brannigan P.A.

1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

January 31, 2024

Worldwide Insurance Services, LLC d/b/a GeoBlue
Attn: Legal Dept.
933 First Avenue
King of Prussia, PA 19406

### Re: Theft of Services – Florida Statutes, Ch. 772.11(1) Pre-suit Demand for Treble Damages

To Whom It May Concern:

On November 1, 2023, Worldwide Aircraft Services, Inc., d/b/a Jet ICU, provided emergency care services to your insured ▮▮▮▮▮▮▮▮ This was for emergency air and ground ambulance transportation.

The transport of this patient consisted of three stages. First, the patient was transported via ALS ground ambulance from the ship's infirmary to the awaiting jet aircraft. Next, the patient was flown back to the U.S. Finally, upon arrival in Orlando, Florida, the patient was transported, once again, via ALS ground ambulance for emergency admission into ▮▮▮▮ ▮▮▮▮ Medical Center for the necessary higher level of care and treatment.

Under contract, state and/or federal law, as the patient's health plan, you were obligated to cover and/or provide or arrange for the patient's emergency care services including ground and air ambulance services. Jet ICU provided those critical and necessary services to your insured in her time of need, with your actual and/or constructive knowledge, to your benefit. This is demonstrated by GeoBlue's payment of the claim for the first leg of the ambulance transport as well as the air ambulance portion of the claim. To date, you have retained the value of Jet ICU's ground ambulance service for transporting the patient to the aircraft from the discharging facility without reimbursing Jet ICU for the reasonable value of its services.

Jet ICU filed a claim as a non-contracted provider for the reasonable value of its services in the amount of $8,858.00. The above facts demonstrate the theft of Jet ICU's services under Florida law. See, FL. Stat. §§772.11, 812.012-812.037. GeoBlue accepted the benefit of our services to your insured, without any intention to properly reimburse Jet ICU for its work. Simply put, GeoBlue stole services from Jet ICU.




# The Law Office of Michael Brannigan P.A.

1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

**Pursuant to §772.11(1), demand is hereby made for the sum of $26,574.00 (the value of service multiplied by statutory treble damages).** Your failure to comply with this demand within 30 days may result in the filing of a lawsuit seeking this amount as damages together with attorney's fees and costs.

Kind Regards,

Michael Brannigan
Attorney for Jet ICU
MichaelBrannigan@JetICU.com



# The Law Office of Michael Brannigan P.A.

1511 North Westshore Blvd., Suite 650, Tampa, Florida 33607
Office: 352-796-2540•Fax: 352-608-9700

March 22, 2024

BCBS of Florida
Attn: Legal Department
P.O. Box 1798
Jacksonville, FL 32231-0014

BCBS of Florida
Attn: Legal Department
4800 Deerwood Campus Parkway,
Jacksonville, FL 32246

**Re: Theft of Services – Florida Statutes, Ch. 772.11(1) Pre-suit Demand for Treble Damages**

To Whom It May Concern:

    On November 1, 2023, Worldwide Aircraft Services, Inc., d/b/a Jet ICU, provided emergency care services to your insured ▮▮▮▮▮▮▮▮▮ This was for emergency air and ground ambulance transportation. The claim packet for the last portion of the ground ambulance was sent out to BCBS of Florida on the date of December 1, 2023. This was delivered and confirmed on December 11, 2023. Claim Number ▮▮▮▮▮▮▮

    The transport of this patient consisted of three stages. First, the patient was transported via ALS ground ambulance from the ship's infirmary to the awaiting jet aircraft. Next, the patient was flown back to the U.S. Finally, upon arrival in Orlando, Florida, the patient was transported, once again, via ALS ground ambulance for emergency admission into ▮▮▮▮▮ ▮▮▮▮ Medical Center for the necessary higher level of care and treatment.

    Under contract, state and/or federal law, as the patient's health plan, you were obligated to cover and/or provide or arrange for the patient's emergency care services including ground and air ambulance services. Jet ICU provided those critical and necessary services to your insured in her time of need, with your actual and/or constructive knowledge, to your benefit. This is demonstrated by GeoBlue's payment of the claim for the first leg of the ambulance transport as well as the air ambulance portion of the claim. To date, GeoBlue/BCBS of Florida have retained the value of Jet ICU's ground ambulance service for transporting the patient to the aircraft from the discharging facility without reimbursing Jet ICU for the reasonable value of its services.

    Jet ICU filed a claim as a non-contracted provider for the reasonable value of its services in the amount of $8,858.00. The above facts demonstrate the theft of Jet ICU's services under Florida law. See, FL. Stat. §§772.11, 812.012-812.037. GeoBlue/BCBS of Florida accepted the benefit of our services to your insured, without any intention to properly reimburse Jet ICU for its work. Simply put, GeoBlue/BCBS of Florida stole services from Jet ICU.

**Pursuant to §772.11(1), demand is hereby made for the sum of $26,574.00 (the value of service multiplied by statutory treble damages).** Your failure to comply with this demand within 30 days may result in the filing of a lawsuit seeking this amount as damages together with attorney's fees and costs.

Kind Regards,

Michael Brannigan
Attorney for Jet ICU
MichaelBrannigan@JetICU.com

CC:
Worldwide Insurance Services, LLC d/b/a GeoBlue
Attn: Legal Dept.
933 First Avenue
King of Prussia, PA 19406