# UNITED STATES DISTRICT COURT IN AND FOR THE MIDDLE DISTRICT OF FLORIDA

WORLDWIDE AIRCRAFT SERVICES, INC.
d/b/a JET ICU
Plaintiff,

CASE NO. 24-CV-01991

v.

WORLDWIDE INSURANCE SERVICES, LLC
d/b/a GEOBLUE;
BLUE CROSS AND BLUE SHIELD OF ALABAMA,
a corporation,

Defendants.
_____/

## DEFENDANT, WORLDWIDE INSURANCE SERVICES, LLC. D/B/A GEOBLUE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW

Defendant, WORLDWIDE INSURANCE SERVICES, LLC d/b/a GeoBlue, (*"GeoBlue"*) by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure files this Motion to Dismiss the Second Amended Complaint filed against it by WORLDWIDE AIRCRAFT SERVICES, INC. d/b/a JET ICU (*"Plaintiff"*), and in support thereof, states:

### I. FACTUAL BACKGROUND

This is one of several baseless complaints Plaintiff has filed against GeoBlue. Plaintiff alleges that it is a healthcare provider that provides air ambulance services, crewed by medical personnel, to injured or ill patients. 2d Amend. Compl. ¶ 2. Plaintiff alleges that it provided emergency transport to an unnamed patient. 2d Amend.Compl. ¶ 6-7. The Complaint further alleges that the patient believed they were in "imminent risk" to their health and required immediate urgent medical transportation. 2d Amend. Compl. ¶¶ 7-8. Plaintiff alleges (without proof) that GeoBlue is the Patient's health insurer. 2d Amend. Compl. ¶ 3. Plaintiff alleges that it did not have a contract with GeoBlue. 2d Amend. Compl. ¶ 12. Plaintiff alleges four counts against

GeoBlue: (1) Count I for Theft of Services under Fla. Stat. § 772.11; (2) Count II for Conversion; (3) Count III for Conspiracy; and (4) Count IV for Quantum Meruit. Plaintiff's Second Amended Complaint is subject to dismissal as it fails to attach the alleged insurance contract under which Plaintiff claims GeoBlue was to cover or insure services provided by Plaintiff.

## II.   MEMORANDUM OF LAW

### A. Standard of Law

Fed. R. Civ. P. 12(b)(6) permits the Court to dismiss a complaint that fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court of the United States in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Id*. at 684. The Court explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted.

To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556.) Moreover, the complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir.2001). It should be noted that pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curium).

### B. Plaintiff's Second Amended Complaint is Subject to Dismissal as it is a Shotgun Pleading

The Second Amended Complaint is an impermissible shotgun pleading that must be dismissed. "A shotgun pleading is a pleading that lacks the minimum clarity, brevity, or coherence required by Federal Rules of Civil Procedure 8 and 10." *Cardinal v. Haines City, Fla.*, No. 8:19-CV-3137-KKM-TGW, 2021 WL 3418814, at *1 (M.D. Fla. Aug. 5, 2021).

The Second Amended Complaint must be dismissed for commingling separate and distinct claims reincorporating one into the other. *Du v. McDonough,* No. 8:22-CV-1526-CEH-TGW, 2023 WL 4456873, at *1 (M.D. Fla. July 11, 2023). Such multiple count incorporation not only creates difficulty in framing a proper response to each cause of action, but it also often leads to fatal inconsistencies. Thus, the Second Amended Complaint should be dismissed as it is an improper shotgun pleading that incorporates by reference each and every allegation against GeoBlue, which renders it difficult, if not impossible, to frame an adequate response.

### C. Plaintiff's Amended Complaint is Subject to Dismissal as Plaintiff fails to Attach Necessary Documents

Plaintiff fails to attach necessary documents upon which it relies to bring its action. By its own allegations, Plaintiff alleges that it was induced to provide services by the existence of an alleged contractual relationship between the unnamed patient and GeoBlue through which Plaintiff alleges GeoBlue owes it the value of its services. Thus, Plaintiff's entire claim arises from a contract it has failed to attach to the Complaint.[1]

Plaintiff alleges Florida state law claims against GeoBlue. Under Florida law, it is axiomatic that it is the responsibility of a plaintiff to provide the Court with all documents upon

---

[1] GeoBlue notes that Plaintiff cannot attach this alleged contract because no such contractual relationship exists between the unnamed patient and GeoBlue for the services provided by Plaintiff as described in this Complaint, a fact Plaintiff is well aware of, and this Complaint is frivolous.

which its alleged cause of action is based. *Winn-Dixie Stores, Inc. v. Sams*, 281 So. 2d 47 (Fla. 3d DCA 1973). Indeed, Florida Rule of Civil Procedure 1.130(a) states, in relevant part, "All bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading." *See* Rule 1.130, Florida Rules of Civil Procedure. Further, when a party fails to attach the necessary exhibit under Rule 1.130(a), Florida Rules of Civil Procedure, the opposing party may attack the failure to attach the necessary exhibit through a motion to dismiss. *See Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So. 2d 489 (Fla. 4th DCA 2001) (citing *Safeco Ins. Co. v. Ware*, 401 So. 2d 1129 (Fla. 4th DCA 1981). Plaintiff has brought suit alleging the existence of rights contained in a document, but Plaintiff fails to attach this crucial document to its Complaint, and dismissal of Count One, Count Two, Count Three, and Count Four is therefore appropriate.

**D. Plaintiff Fails to State a Claim for Conversion**

Plaintiff fails to state a cause of action for conversion against GeoBlue. Under Florida law, the elements of conversion are: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. *See Special Purpose Accounts Receivable Cooperative Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1099-100 (S.D. Fla. 2000) (citing *Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th DCA 1993)). The essence of Plaintiff's conversion claim is that it allegedly billed GeoBlue for services rendered by transporting Patient. *See* 2d Amend. Compl. ¶¶ 31-32. Plaintiff alleges that the ground and air transportation for Patient was covered by the Patient's insurance plan. *See* 2d Amend. Compl. ¶ 11. Plaintiff alleges the existence of a contractual relationship between Patient and GeoBlue, through which Plaintiff alleges GeoBlue owes it the value of its services. In essence, Plaintiff alleges a mere obligation to pay money, which may not be enforced by a conversion action. *See Belford Trucking*

*Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970) ("[A]n action in tort is inappropriate where the basis of the suit is a contract, either express or implied"). As such, Plaintiff cannot maintain a cause of action for conversion against GeoBlue.

### E. Plaintiff's Civil Conspiracy Count Fails

To assert a cause of action for civil conspiracy, Plaintiff must allege, and be able to prove: (1) the existence of an agreement by two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the execution of some overt act in pursuance of the conspiracy; and (4) damages suffered by Plaintiff as a result of the conspiracy. *See Phillip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 n. 9 (Fla. 2015).

Therefore, Florida does not recognize a cause of action for civil conspiracy absent an actionable underlying wrong. *See Raimi v. Furlong*, 702 So. 2d 1273 (Fla. 3d DCA 2017); *see American Diversified Ins. Services, Inc. v. Union Fidelity Life Ins. Co.*, 439 So. 2d 904 (Fla 2d DCA 1983) (holding that conspiracy is limited to cases based on an independent tort or economic boycott); *Liappas v. Augoustis*, 47 So. 2d 582 (Fla. 1950) (the "gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy…"). Because the alleged underlying wrongs of theft of services and conversion are procedurally and substantially defective, the conspiracy claim is likewise subject to dismissal. *See Palm Beach County Health Care Dist. v. Professional Medical Educ., Inc.*, 13 So. 3d 1090, 1096 (Fla. 4th DCA 2009). ("Since the counts regarding the goals of the conspiracy-defamation and tortious interference-fail, so too the conspiracy count must fail").

Furthermore, absent sufficient factual allegations demonstrating the existence of a *plausible* agreement between the parties to conspire against Plaintiff, the civil conspiracy claims must fail. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1320 (S.D. Fla. 2014) (discussing Florida law); *see also Chiquita Int'l Ltd. v. Fresh Del Monte Produce, N.V.*, 749 So. 2d 578, 579

(Fla 3d DCA 2000) (holding that the complaint was insufficient to state a cause of action for civil conspiracy because it could not allege sufficient facts to establish the existence of an agreement between parties to commit an underlying tort or wrong). Moreover, bare assertions of a conspiracy will not suffice to show the existence of the necessary conspiratorial agreement to maintain a civil conspiracy claim. *See id.; see also Bond v. Koscot Interplanatary, Inc.*, 246 So. 2d 631, 635 (Fla. 4th DCA 1971). Accordingly, Plaintiff's civil conspiracy cause of action fails on all accounts and levels, and must be dismissed, with prejudice.

F. **Plaintiff Fails to Allege Essential Elements of Count Four for Quantum Meruit**

Additionally, as to Plaintiff's Quantum Meruit claim at Count Four, Plaintiff fails to allege that GeoBlue agreed or assented to Plaintiff providing any service to anyone. In fact, the Second Amended Complaint concedes the opposite, as Plaintiff acknowledges it did not have a contract or agreement with GeoBlue. *See* 2d Amend. ¶ 12 Under Florida Law, to prevail on a quantum-meruit claim, a plaintiff must show that it (1) conferred a benefit on a defendant; (2) the defendant had knowledge of the benefit; (3) the defendant accepted or retained the benefit; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for its fair value. Martin Energy Services, LLC v, M/V Bravante IX, 733 Fed. App'x 503, 506 (11th Cir. 2018); *See also W.R. Townsend Contracting, Inc. v. Jensen Civ. Const., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999). In *W.R. Townsend Contracting*, the Florida Court stated that:

> To satisfy the elements of quantum meruit, a plaintiff must allege facts that, taken as true, show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it.

*See id.* at 305. Notably, the Second Amended Complaint does not allege that GeoBlue assented or agreed to Plaintiff's services. As a result, given that Plaintiff alleges it provided services to a non-party patient on a sudden and emergency basis, Plaintiff cannot and has not alleged that GeoBlue

<u>assented</u> to Plaintiff's services or the bills received for same. Accordingly, dismissal of Count Four is appropriate.

### III. INCORPORATION BY REFERENCE

In the interest of brevity, GeoBlue hereby adopts and incorporates as if fully included herein those arguments and grounds for dismissal as presented by any other Defendant, to the extent that such support the relief sought herein.

### IV. CONCLUSION

**WHEREFORE**, Defendant WORLDWIDE INSURANCE SERVICES, LLC d/b/a GeoBlue, respectfully requests this Honorable Court enter an Order: (1) dismissing the Amended Complaint *with prejudice* as appropriate; (2) and awarding Defendant its reasonable costs and attorneys' fees pursuant to Fla. Stat. § 772.11 and *Island Travel & Tours Co. v. MYR Indep., Inc.*, 307 So. 3d 829 (Fla. 3d DCA 2020); and (4) entering any such other and further relief as the interests of justice may require or permit.

### Local Rule 3.01(g) Certification

I hereby certify that, under Local Rule 3.01(g), I conferred telephonically with counsel for Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. d/b/a JET ICU on September 25, 2024, regarding the relief sought in this Motion to Dismiss. Plaintiff opposes the relief sought by Defendant WORLDWIDE INSURANCE SERVICES, LLC d/b/a GEOBLUE.

    Respectfully submitted,

    LYDECKER LLP
    *Attorneys for WORLDWIDE*
    *INSURANCE SERVICES, LLC d/b/a*
    *GeoBlue*
    1221 Brickell, 19th Floor
    Miami, Florida 33131
    Tel.: (305) 416-3180
    Fax: (305) 416-3190

By: */s/ Stephen Hunter Johnson*
STEPHEN HUNTER JOHNSON
Florida Bar No.: 12362
shj@lydecker.com
PETER AGOLA
Florida Bar No.: 1048987
pagola@lydecker.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on September 25, 2024. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

By: */s/ Stephen Hunter Johnson*
STEPHEN HUNTER JOHNSON